UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT DORN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   2:25-cv-00646-JAW |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS OFFICIALS, | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON MOTION FOR PRELIMINARY INJUNCTION**

In this action, Plaintiff, who is in the custody of the Maine Department of Corrections (MDOC), contends that he has been denied kosher meals in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment to the United States Constitution.

Plaintiff filed a motion for a preliminary injunction to require Defendants to provide him kosher meals immediately. (Motion, ECF No. 2.) Defendants oppose the motion. (Response, ECF No. 4.)

Following a review of the record and after consideration of the parties' filings, I recommend the Court deny the motion for preliminary injunction.

**FACTUAL BACKGROUND**

Plaintiff asserts that he has adhered to a "kosher diet for his entire life as part of his sincerely held religious beliefs." (Complaint at 1, ECF No. 1.) He contends that he has

been denied kosher meals "on a daily basis" while in MDOC custody. (*Id.*) Plaintiff further alleges that he filed grievances but has obtained no relief.

The MDOC maintains a policy that provides that alternative meals are available to residents who follow a religious diet.[1] The MDOC has a form for a resident to complete if a resident is seeking a religious diet.

## Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC*, 555 U.S. 7, 24 (2008). A district court must decide whether the party seeking a preliminary injunction has carried the burden of establishing that the balance of four factors weighs in its favor:

> (1) the movant's likelihood of success on the merits, (2) whether and to what extent the movant will suffer irreparable harm in the absence of injunctive relief, (3) the balance of relative hardships,[2] and (4) the effect, if any, that an injunction or the lack of one may have on the public interest.[3]

*Becky's Broncos, LLC v. Town of Nantucket*, 138 F.4th 73, 77 (1st Cir. 2025) (quotation marks omitted). "[T]he four factors are not entitled to equal weight in the decisional calculus; rather, likelihood of success is the main bearing wall of the four-factor

---

[1] Defendants ask the Court to take judicial notice of the policy, which it attached to its response to the motion. Given that the policy is a publicly available document on the MDOC website, the Court finds that the policy's existence and its terms are not subject to reasonable dispute. Therefore, in accordance with Federal Rule of Evidence 201, the Court takes judicial notice of the policy.

[2] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Housing Authority*, 760 F.2d 361, 362 (1st Cir. 1985).

[3] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

framework." *Corporate Technologies, Inc. v. Harnett*, 731 F.3d 6, 9–10 (1st Cir. 2013) (quotation marks and modifications omitted).

To show that a jail or prison has infringed a plaintiff's First Amendment free exercise rights, he or she must allege facts to show that the plaintiff was coerced to engage in a particular religious practice, *Marrero-Mendez v. Calixto-Rodriguez*, 830 F.3d 38, 46 (1st Cir. 2016), was treated unfavorably based on animosity toward the plaintiff's religion, *Kuperman v. Wrenn*, 645 F.3d 69, 77–78 (1st Cir. 2011) or was prevented from participating in a religious practice on grounds not "reasonably related to legitimate penological interests," *Turner v. Safley*, 482 U.S. 78, 89 (1987).  Courts consider at least four factors when determining whether a restriction on a religious practice is constitutional: (1) whether there is a valid, rational connection between the regulation and the legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open; (3) the extent of the impact the accommodation would have on guards and other inmates, and on the allocation of prison resources; and (4) the absence of alternatives to the prison regulation.  *Id.* at 89–90.

The RLUIPA prohibits state prisons receiving federal funds from imposing "a substantial burden on the religious exercise" of inmates, "even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a).  The statute "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's

3

permission and accommodation for exercise of their religion." *Cutter v. Wilkinson,* 544 U.S. 709, 721 (2005). "RLUIPA provides greater protection to inmates' free-exercise rights than does the First Amendment." *Kuperman*, 645 F.3d at 79.

To state a claim for violation of RLUIPA, a prisoner must allege facts that support an inference that the prisoner "wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government. *LeBaron v. Spencer*, 527 Fed. App'x 25, 28-29 (1st Cir. 2013) (internal quotation marks omitted). In this context, a substantial burden "is one that puts 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id.* at 29 (quoting *Spratt v. Rhode Island Department of Corrections*, 482 F.3d 33, 38 (1st Cir. 2007)).

On this record, the Court can reasonably conclude that Plaintiff is likely to establish that he wishes to engage in a religious exercise based on a sincerely held belief. Plaintiff, however, has not demonstrated that he is likely to establish that the MDOC has subjected him to a substantial burden in his religious exercise. Plaintiff has not described the specific nature of his request or the alleged reasons the available meals do not satisfy his desire for a kosher meal. In addition, the MDOC's policy, implemented with a specific form by which a resident can request a religious diet, raises a question regarding the merit of Plaintiff's assertion that he has been denied a kosher diet. Plaintiff has not disputed the existence of the policy, the request form, or the availability of alternative meals, nor has Plaintiff suggested that the available alternative meals are nutritionally inadequate.

Because Plaintiff has failed to establish that he is likely to prevail on his claim, the Court need not assess the other factors relevant to Plaintiff's request for injunctive relief and Plaintiff is not entitled to the injunctive relief he seeks. That is, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Services, Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

## CONCLUSION

Following a review of the record and after consideration of the parties' filings, for the reasons explained herein, I recommend the Court deny Plaintiff's motion for preliminary injunction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 26th day of February, 2026.