UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SCOTT DORN,                              )
                                         )
    Plaintiff                            )
                                         )
    v.                                   )        2:25-cv-00646-JAW
                                         )
MAINE DEPARTMENT OF                      )
OF CORRECTIONS OFFICIALS,                )
                                         )
    Defendants                           )
                                         )

### ORDER ON RECOMMENDED DECISION AND OBJECTION

After de novo review, the court affirms a magistrate judge's recommendation that the court rejects an inmate's request for a preliminary injunction to require a state department of corrections to provide an inmate with a kosher diet prepared by a kosher kitchen due to an absence of evidence in the record.

## I.    BACKGROUND

### A.    Procedural History

On December 29, 2025, Scott Dorn, an individual in the custody of the Maine Department of Corrections (MDOC), filed a complaint against the "commissioner of MDOC, the Warden of the facility where Plaintiff is housed, and any staff involved" alleging he had been denied kosher meals in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment and seeking a preliminary injunction directing the Defendants to provide him kosher meals. *Compl.* at 1 (ECF No. 1); *Mot. for Prelim. Inj.* (ECF No. 2). On January 20, 2026, the Defendants filed a response in opposition to Mr. Dorn's motion for preliminary

injunction. *Def.'s Resp. in Opp'n to Pl. Dorn's Mot. for a Prelim. Inj.* (ECF No. 4) (*Def.'s Opp'n*). On January 23, 2026, Mr. Dorn filed a motion to proceed without the prepayment of fees, *Appl. to Proceed Without Prepayment of Fees and Aff.* (ECF No. 5), which the Magistrate Judge granted the next day. *Order Granting Mot. to Proceed Without Prepayment of Fees and Costs* (ECF No. 6).

On February 26, 2026, the United States Magistrate Judge performed a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and recommended the Court deny Mr. Dorn's motion. *Recommended Decision on Mot. for Preliminary Inj.* (ECF No. 7) (*Rec. Dec.*). Mr. Dorn objected to the Recommended Decision on March 18, 2026. *Pl.'s Objs. to the Magistrate Judge's Recommended Decision* (ECF No. 11) (*Pl.'s Obj.*). On April 1, 2026, the Defendant responded. *Def.'s Resp. to Pl. Dorn's Obj. to Report and Recommended Decision* (ECF No. 13) (*Def.'s Resp.*).

B.     The Allegations in the Complaint

In Mr. Dorn's complaint, he alleges that he is an incarcerated person at the MDOC. *Compl.* at 1. He states that he has followed a kosher diet for all his life as a part of his sincerely held religious beliefs. *Id.* However, he says that since entering the MDOC, he has been denied kosher meals daily. *Id.* Mr. Dorn alleges that he attempted to file a grievance based on the denial of his religious diet, but MDOC rejected the grievance as untimely despite the fact MDOC's denial of his kosher diet was ongoing. *Id.* Mr. Dorn states that he attempted to appeal the denial of his grievance, but he was told he could not appeal. *Id.* Mr. Dorn claims that in denying him kosher meals, MDOC is violating his First Amendment right to free exercise of

2

religion and the Fourteen Amendment's guarantee of equal protection under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act under 42 U.S.C. § 2000cc-1. *Id.*

### C.    The Motion for Preliminary Injunction

With his complaint, Mr. Dorn filed a motion for preliminary injunction, asking the Court to order MDOC to provide him with kosher meals. *Mot. for Prelim. Inj.* at 1. Mr. Dorn says that MDOC's denial of kosher meals constitutes irreparable harm and he asks the Court to issue a preliminary injunction, requiring MDOC to provide Mr. Dorn with kosher meals. *Id.* Mr. Dorn also maintains that the balance of harms favors him because providing a kosher diet to him imposes a minimal burden on MDOC and it is in the public interest to accommodate his religious dietary restrictions. *Id.*

### D.    MDOC's Opposition to the Motion for Preliminary Injunction

In its opposition, MDOC argues that Mr. Dorn has not been forced to choose between his religious diet and adequate nutrition. *Def's. Opp'n* at 2-3. MDOC explains that it accommodates inmates with kosher dietary restrictions by offering kosher meals, such as meals that do not contain pork or kosher compliant vegetarian meals. *Id.* at 3. Mr. Dorn has been free to select kosher meals from the alternatives MDOC offers. *Id.* MDOC contends that, to the extent that Mr. Dorn is requesting kosher compliant meals prepared off-site and brought into the correctional facility, courts have declined to order prisons to provide a meal plan that is too expensive to provide. *Id.* at 3-4.

MDOC also states that Mr. Dorn's request for preliminary injunction should be denied because he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1999e(a). *Id.* at 4. MDOC observes that its grievance policy requires an inmate to grieve a practice "within ten days of when the policy, procedure, practice, or condition of confinement first affected the resident." *Id.* 4 n.2 (quoting Attach. 3, MDOC Policy 29.1, *Adult Resident Grievance Process General* at 6). MDOC points out that the United States Supreme Court has upheld similar agency procedural requirements for the filing of grievances. *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 91 (2006)).

MDOC maintains that Mr. Dorn has not demonstrated irreparable harm because he is currently allowed access to a kosher diet within MDOC. *Id.* at 5.

Finally, MDOC argues that the balance of the equities favors the denial of the motion for preliminary injunction because the costs and administrative burden on MDOC, which would be borne by the public, is not justified in light of MDOC's current accommodation for those requiring a kosher diet. *Id.* at 5-6.

### E.    The Magistrate Judge's Recommended Decision

Pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court deny Mr. Dorn's motion for a preliminary injunction. *Rec. Dec.* at 1. After reviewing the applicable legal standards, the Magistrate Judge concluded that Mr. Dorn was not likely to succeed on the merits of his complaint and therefore recommended that the Court deny his motion for preliminary injunction. *Id.* at 2-6.

4

## II.   THE PARTIES' POSITIONS

### A.   Scott Dorn's Objection

Mr. Dorn objects to the Magistrate Judge's recommended decision on several grounds. *Pl.'s Obj.* at 3-9. Mr. Dorn argues that the Magistrate Judge improperly applied the Eighth Amendment standard of "substantial burden" to his claim under the RLUIPA. *Id.* at 3. Instead, he contends, the proper standard is the "substantial burden" test under the RLUIPA, which "exists when the government places substantial pressure on the adherent to modify behavior and violates sincerely held beliefs." *Id.* at 5. Mr. Dorn explains that for food to be kosher, it must be prepared in a kosher kitchen to prevent cross-contamination and, therefore, "MDOC's alternative meals remain religiously forbidden." *Id.*

In his objection, Mr. Dorn points to MDOC spending on "non-essential recreational amenities," which in his view undercuts MDOC's cost argument. *Id.* at 7. Furthermore, he asserts that other prison systems accommodate the need for a kosher diet by purchasing "sealed, certified kosher meals." *Id.* at 7. Mr. Dorn also contends that MDOC provides special meals for other inmates of other faiths. *Id.* at 7-8.

Mr. Dorn reiterates that he is subjected to irreparable harm because he is forced to choose between obeying his religious principles and basic nutrition. *Id.* at 8.

Finally, Mr. Dorn argues that the balance of equities favors the granting of the motion for preliminary injunction. *Id.* at 9.

## B.      Maine Department of Corrections' Response

MDOC argues that Mr. Dorn is attempting in his objection to raise arguments not previously raised before the Magistrate Judge and urges the Court to reject his attempt to "retroactively bolster his claims after receiving the Magistrate Judge's Report and Recommended Decision." *Def.'s Resp.* at 3-4. Next, MDOC contends that the Court should reject Mr. Dorn's alternative meal plan because its costs would be extraordinarily expensive. *Id.* at 4-5.

## III.   LEGAL STANDARD

### A.      De Novo Review of the Recommended Decision

Mr. Dorn filed a timely objection to the Magistrate Judge's Recommended Decision, and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). Finally, the District Court is not required to review facts, issues, and arguments not presented to the Magistrate Judge. *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Committee*, 593 F. Supp. 1315, 1318 (D. Me. 1984)) ("Parties

6

must take before the magistrate [judge], not only their best shot, but all of their shots") (quotation omitted).

### B.  Preliminary Injunction Standard

Preliminary injunctions are "issued to protect plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."  11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL RULES OF CIVIL PROCEDURE § 2947, at 121 (2d ed. 1995). "[Injunctive relief] is an extraordinary and drastic remedy that is never awarded as of right."  *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)). A judge should use the authority to grant such injunctive relief "sparingly."  *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness*, 649 F.2d 71, 76 n.7 (1st Cir. 1981).

The standard for issuing a preliminary injunction is provided by traditional equity doctrines. *Aftermarket Auto Parts Alliance, Inc. v. Bumper2Bumper, Inc.*, Civil No. 1:12-cv-00258-NT, 2012 U.S. Dist. LEXIS 143685, *3 (D. Me. Oct. 4, 2012); 11A WRIGHT, MILLER & KANE § 2942, at 37.  To determine whether to issue a preliminary injunction a court must analyze four factors:

> 1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 17-18 (1st Cir. 2006) (alteration in original) (quoting *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004)).

"The party seeking [an injunction] bears the burden of establishing that these four factors weigh in its favor." *Id.* at 18. Ultimately, "trial courts have wide discretion in making judgments regarding the appropriateness of such relief." *Francisco Sánchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2009); *accord Arbojet, Inc. v. Rainbow Treecare Sci. Advancements*, 749 F. 3d 168, 171 (1st Cir. 2015).

"The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc., v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002); *see also Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 7 (1st Cir. 2012) (confirming that this factor is "the most important part of the preliminary injunction assessment") (quoting *Jean v. Mass. State Police*, 492 F.3d 24, 27 (1st Cir. 2007)).

## IV.   DISCUSSION

The Court agrees with the Defendants that Mr. Dorn significantly elaborated on his position during the objection and therefore violated the rule that requires a litigant to present all facts, issues, and arguments to the Magistrate Judge that are later asserted in the objection to the Magistrate Judge's recommended decision. The recommended decision could be affirmed on this basis alone. However, given Mr.

Dorn's pro se status and the significance of the religious issues involved, the Court turns to the merits of his objection.

From this Court's perspective, the problem in Mr. Dorn's demand for preliminary injunction is that there are simply not enough facts in the record to demonstrate that he is entitled to the extraordinary relief of a preliminary injunction. As Mr. Dorn has mentioned in his objection, the Court assumes that to be kosher requires more than that the person avoid certain foods and extends to the way animals are slaughtered and food is prepared, and it appears that MDOC's alternative of offering non-pork and vegetarian alternatives does not fully comply with kosher requirements.

But this does not end the discussion. To grant a motion for preliminary injunction, the Court must "balance" the "relevant impositions", namely "the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues." *Esso Standard Oil*, 445 F.3d at 17-18. The Court understands the imposition on Mr. Dorn's exercise of religion and takes it seriously. But there is no evidence in this record about the nature of the hardship on MDOC. To require MDOC either to build and maintain a separate kosher kitchen or to purchase certified kosher meal packets for observant inmates would impose some hardship on MDOC in terms of cost and execution, but there is no evidence in this record what that hardship would be. The fact that other prison systems purchase sealed kosher packets means that it would be possible to provide fully kosher meals to inmates at MDOC, yet it still says nothing about the cost of doing so to MDOC. To

9

grant the motion for preliminary injunction would be to speculate on the impact on MDOC and, as the burden to demonstrate his right to a preliminary injunction rests with Mr. Dorn, his failure of proof is fatal to his motion for preliminary injunction.

In making this determination based on the state of the record, the Court need not address Mr. Dorn's arguments about whether the Eighth Amendment standard of "substantial burden" differs from the "substantial burden" test under the RLUIPA because his motion for preliminary injunction fails in any case.

## V.    CONCLUSION

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. Having made a de novo determination of disputed portions of the report and recommendation, the Court affirms the Recommended Decision of the Magistrate Judge over Mr. Dorn's objections and denies the motion for preliminary injunction. Thus, consistent with the Magistrate Judge's recommendation and for the same reasons set forth in the recommended decision and set forth herein, the Court AFFIRMS Recommended Decision on Motion for Preliminary Injunction (ECF No. 7) and DENIES Scott Dorn's Motion for Preliminary Injunction (ECF No. 2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2026

10